# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROBERT FOLSOM, *et al.*,

    Defendants.

Case No. 2:17-cr-00176-JAD-VCF

**ORDER**

MOTION TO SEVER [ECF NO. 61]

This matter involves the Government's prosecution of Defendant Robert Folsom. The Government indicted Folsom for selling drugs in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and for possessing a firearm in furtherance of committing a drug offense in violation of 18 U.S.C. §§ 924(c)(1)(A). (*See* ECF No. 10).

Before the Court is Folsom's Motion to Sever, requesting severance of count number six, the firearm offense, from counts one through five. (ECF No. 61). For the reasons stated below, Folsom's motion is denied.

## I. LEGAL STANDARD AND DISCUSSION

Rule 8(a) of the Federal Rules of Criminal Procedure permits the joinder of offenses when the separate counts are of the same or similar character, or are based on the same act or occurrence, or are connected with or constitute parts of a common scheme or plan. Federal Rule of Criminal Procedure 14(a) states that if joinder of offenses for trial appears to prejudice a defendant or the government, the court may order separate trials of counts or provide any other relief that justice requires. Pursuant to Federal Rule of Criminal Procedure12(b)(3)(D), a motion for severance of charges under Rule 14 must be made before trial. Federal Rule of Criminal Procedure12(c)(1) states that the Court may set a deadline for the parties

to make pretrial motions. LCR 12-1(a) further specifies the timeline for filing pretrial motions, "[u]nless the court orders otherwise[.]" LCR 12-1(c) states that, "[a]ny party filing pretrial motions, responses to motions, or replies must provide a certification that the motion, response, or reply is filed timely." Federal Rule of Criminal Procedure 12(c)(3) states that if a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely, "[b]ut a court may consider the defense, objection, or request if the party shows good cause."

Here, pursuant to this Court's Order, any and all pretrial motions were due by August 16, 2018. (ECF 30 at 4). No further extensions of the pretrial motion deadlines were requested or granted. Defendant Folsom filed his Motion on July 22, 2019, nearly a year after the August 13, 2018 deadline for Rule 12 pretrial motions. (ECF No. 61). On July 22, 2019, this Court ordered a new trial date for August 13, 2019, but did not extend this Court's deadline for Rule 12 pretrial motions. (*See* ECF No. 60). Defendant Folsom did not certify that his Motion is timely as required by LCR 12-1(c). His Motion is untimely. He did not provide any justification for filing an untimely Rule 12 pretrial motion, as required by Rule 12(c)(3). Defendant Folsom did not acknowledge that his Motion was untimely or argue that good cause exists for the Court to consider his untimely request. (*See* ECF No. 61).

ACCORDINGLY,

IT IS ORDERED that Defendant Robert Folsom's Motion to Sever (ECF No. 61) is DENIED.

DATED this 30th day of July 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE